J-S17018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAROLD L. COST | : | |
| | : | |
| Appellant | : | No. 2218 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 27, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0002657-2024

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED AUGUST 11, 2025**

Harold L. Cost appeals from the judgment of sentence imposed following his conviction for harassment.[1] Cost challenges the sufficiency of the evidence. The Commonwealth concedes that the evidence was insufficient to support Cost's conviction. We agree and therefore reverse.

The trial court accurately summarized the facts as follows:

> At the trial [in Municipal Court], the victim, Daameira Carr, identified Cost, her ex-partner and father of her daughter, as the pseudonymous author of two Facebook posts that both mentioned [Carr] by name. [N.T., 2/27/24,] at 8-16. One of the posts features their daughter standing by a toilet with the caption "Daameira Diamond Carr being abusive and disgusting." *Id.* at 10. Another post included a photo of a disheveled dining room area and text that read[,] "THIS IS HOW DAAMEIRA DIAMOND CARR FILTHY DISGUSTING SELF LIVES AT HER APARTMENT, HORRIBLE PERSON IF SHE EVEN QUALIFIES AS A PERSON. WHO CAN LIVE LIKE THIS DAILY WITH A BABY. FOUL!!!" *Id.* at 11-12. [Cost] created

---

[1] 18 Pa.C.S.A. § 2709(a)(1).

the posts under the pseudonym "Bender Rodriguez" and posted them on his public profile, making them viewable to anyone viewing the page. *Id.* at 10 . . . [Carr] first saw these posts on November 25, 2023. *Id.* at 18. [Carr] testified that the post[s] "upset" her. *Id.* at 13.

Trial Court Opinion, filed 9/27/24, at 1-2.

Cost was charged with harassment generally under 18 Pa.C.S.A. § 2709(a). The charging documents did not specify a particular subsection of Section 2709(a). At trial in Philadelphia Municipal Court, the prosecution argued for a conviction under subsection (a)(4). The court announced on the record that it found Cost guilty of summary harassment, again without identifying the subsection. *See* N.T., 2/27/24, at 47-48. That same day, the court memorialized the conviction in a sentencing order. It indicates that Cost was convicted of harassment under 18 Pa.C.S.A. § 2709(a)(1). The court imposed no further penalty. *See* Sentencing Order, 2/27/24. Cost filed a petition for writ of *certiorari* in the Philadelphia Court of Common Pleas, challenging the sufficiency of the evidence to support a conviction under subsection (a)(1). A hearing on the petition was held on July 10, 2024. At the conclusion of the hearing, the court denied the petition. This timely appeal followed.

Cost raises a single issue: "Was the evidence insufficient to convict Harold Cost of harassment of his child's mother, where he published two Facebook posts online intending to raise an alarm about his daughter's living conditions, and his concern was legitimately related to her care?" Cost's Br. at 2.

The sufficiency of the evidence is a question of law. Therefore, "[o]ur standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Mikitiuk***, 213 A.3d 290, 300 (Pa.Super. 2019). When reviewing a challenge to the sufficiency of the evidence, we "must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt." ***Commonwealth v. Feliciano***, 67 A.3d 19, 23 (Pa.Super. 2013) (*en banc*) (citation omitted). "Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail." ***Id.*** (citation omitted). "A successful sufficiency-of-the-evidence claim requires discharge." ***Mikitiuk***, 213 A.3d at 300.

The Crimes Code defines harassment as follows:

**(a) Offense defined.--**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;

(2) follows the other person in or about a public place or places;

(3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose;

(4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;

(5) communicates repeatedly in an anonymous manner;

(6) communicates repeatedly at extremely inconvenient hours; or

(7) communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

18 Pa.C.S.A. § 2709(a).

Here, as the Commonwealth points out, it argued at trial that Cost was guilty of harassment under subsection (a)(4) of Section 2709. **See** N.T. at 36, 43. The sentencing order, however, indicates that Cost was found guilty under subsection (a)(1), which requires physical contact or threats. **See** Sentencing Order, 2/27/24. The Commonwealth acknowledges that there was no evidence at trial that Cost made physical threats or subjected the complainant to physical contact. Commonwealth's Br. at 6. Rather, the evidence was that Cost made two Facebook posts. The Commonwealth thus concludes that "the evidence was not sufficient to sustain [Cost's] conviction for harassment under the particular subsection for which the written sentencing order confirms he was convicted and sentenced." **Id.** at 7.

We agree with the Commonwealth. The sentencing order states that Cost was convicted under "18 § 2709 §§A 1 – Harassment – Subject Other to Physical Contact (S)." Sentencing Order, 2/27/24. Since there was no evidence of any physical contact or threats by Cost to the complainant, the elements of Section 2709(a)(1) were not satisfied. We cannot accept the Court of Common Pleas' suggestion that we should affirm the conviction rendered under subsection (a)(1) because the evidence supports a verdict under a

- 4 -

different subsection, subsection (a)(3). Trial Ct. Op., filed Sept. 27, 2024, at 3. There is no basis in the record for doing so. Cost has not been convicted here under that subsection and no one has sought to amend his conviction to be under that subsection. Moreover, modification of the verdict would be improper here. A court may correct a verdict only in extremely exceptional cases when the verdict does not reflect the obvious intention of the fact-finder. ***Commonwealth v. Chambers***, 310 A.3d 76, 91 (Pa. 2024). The Court of Common Pleas would in effect have us modify the verdict to impose a conviction under subsection (a)(3), when it is not at all obvious that that is the verdict Municipal Court intended. We thus reverse Cost's judgment of sentence.

Judgment of sentence reversed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/11/2025

- 5 -